# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **SUNSET ENGINEERED SYSTEMS, LLC, WEATHER TIGHT, INC.,** )<br>)<br>)<br>)<br>   **Third-Party Plaintiffs,** )<br>)<br>v. )<br>)<br>**PRIMEX PLASTICS CORPORATION, ADVANCED ELASTOMER SYSTEMS, L.P.,** )<br>)<br>)<br>)<br>   **Third-Party Defendants.** ) | **Case No.: 5:06-CV-1865-VEH** |

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

Pending before the court is Third-Party Defendant Primex Plastics Corporation's ("Primex") Motion to Reconsider (Doc. 120) filed on October 2, 2009. The Motion to Reconsider relates to this court's prior ruling (Doc. 118) entered on September 24, 2009, granting in part and denying in part Primex's Motion for Summary Judgment (Doc. 88) filed on September 30, 2009. The Motion to Reconsider is **DENIED**.

## II.     STANDARD ON RECONSIDERATION

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. *See United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003); *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992); *Spellman v. Haley*, No. 97-T-640-N, 2004, WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling.") (citation omitted).  Indeed,  as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).

It is well established in this circuit that "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Rossi v. Troy State University*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider when plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he

could not have done so).[1]  Furthermore, the Eleventh Circuit has declared that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp. 2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider when movant advanced several new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp. 2d 1378, 1379-81 (M.D. Ga. 2001) (similar);[2] *Richards v. United States*, 67 F. Supp. 2d 1321,1322 (M.D. Ala. 1999) (same).

Notwithstanding these limitations, reconsideration is appropriate to correct manifest errors of law or fact.  *See* Fed. R. Civ. P. 60(b); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."); *Summit*, 284 F. Supp. 2d at 1355 ("A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need

---

[1]  Likewise, motions to reconsider are not a platform to relitigate arguments previously considered and rejected.  *See Lazo v. Washington Mutual Bank*, 10 Fed. Appx. 553, 553 (9th Cir. 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); *American Marietta Corp. v. Essroc Cement Corp.*, 59 Fed. Appx. 668 (6th Cir. 2003) (similar).

[2]  This discussion is lifted almost verbatim from Judge Steele's opinion in *Gougler v. Sirius Products, Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005).

to correct clear error or manifest injustice."). The grant or denial of a motion to reconsider is left to the discretion of the district court. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000).

### III.   ANALYSIS

After giving Primex's motion in-depth consideration, the court has determined in its discretion that there exists no adequate ground for it to reconsider its prior memorandum opinion and order on summary judgment. In particular, as this court and numerous other courts have held, a motion for reconsideration premised on previously rejected arguments should be denied because it "does not meet the standard employed on review of a Motion for Reconsideration." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1268 (N.D. Ala. 2006).

"[M]otions to reconsider are not a platform to relitigate arguments previously considered and rejected." *Rueter*, 440 F. Supp. 2d at 1268 n.9 (citations omitted); *see also Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993) ("[A]ny litigant considering bringing a motion to reconsider based upon . . . [clear error and manifest injustice] should evaluate whether what may seem to be clear error of law is in fact simply a disagreement between the Court and the litigant."), *judgment reversed in part on other grounds by Reich v. Compton*, 57 F.3d 270 (3d Cir. 1995). Because Primex's Motion to Reconsider amounts to a rehash of its previously stated (and

rejected) position regarding the viability of the common law indemnity issues at stake in this case, the court sees no reason to reverse its previously stated ruling.

Further, having restudied the summary judgment record in a light most favorable to the non-movants, including the various pieces of deposition testimony relating to who is to blame for the faulty roofing system as well as a variety of cases discussing common law indemnity under Alabama law, the court believes, that at this stage, reasonable minds could differ as to a determination of active versus passive negligence in the construction and delivery of the faulty roofing system to the underlying plaintiff, Teledyne Brown Engineering, Inc. *See Coates v. CTB, Inc.*, 173 F. Supp. 2d 1200, 1203 (M.D. Ala. 2001) ("In the instant case, the builder, Latco, which is responsible for any injury resulting from his construction of the chicken houses, can shift liability for that harm to the manufacturer of the defective equipment used in construction, ITW."); *compare Sykes v. Blanks*, 533 So.2d 561, 561 (Ala. 1988) ("[W]e agree with the trial court's implicit holding that the facts of this case, viewed in a light most favorable to the appellants, present a classic claim against joint tort-feasors, as opposed to an active-passive negligence claim[.]"). Accordingly, the appropriate course of action, in this particular instance, is to have the jury hear the evidence on the third-party common law contribution claim against Primex and weigh the credibility of the various witnesses's testimony in determining this triable issue.

## IV. CONCLUSION

For the reasons stated above, Primex's Motion to Reconsider is **DENIED**.

**DONE** and **ORDERED** this the 5th day of October, 2009.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge